**FILED**
**U.S. District Court**
**District of Kansas**
07/09/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RAFAEL PEREZ,

      **Plaintiff,**

      v.                      **CASE NO. 26-3205-JWL**

STEVEN TORRES, et al.,

      **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Rafael Perez is hereby required to show good cause, in writing to the undersigned, why this matter should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas.  Plaintiff has filed a motion (Doc. 4) seeking leave to proceed in forma pauperis.  Plaintiff's prison account statement shows that he is not indigent and has sufficient funds to pay the filing fee. (Doc. 4–1.)  Therefore, his motion for leave to proceed in forma pauperis is denied.  Plaintiff must pay the $405.00 filing fee by August 10, 2026.

Plaintiff names around 100 defendants in this case, including the Justices of the United States Supreme Court, the current and past Presidents of the United States, previous United States Attorneys, the Governor of Kansas, attorneys, Kansas Department of Corrections officials,  police officers, FBI agents, state court judges, "Merick" Garland, and Gordon Ramsey.  He names various individuals as "Special Justices" of various courts.

1

Plaintiff's Complaint is largely incomprehensible, but he claims that various individuals that he has named as defendants presented themselves to Plaintiff as "United States Supreme Court Special Justices on behalf of the U.S. Supreme Court and Justices and Special and on behalf of the United States of America and on behalf of their entire rich family that are also such and doing such U.S. Supreme Court Special Justices." (Doc. 1, at 1.)   Plaintiff claims an "EMERGENCY High Security Special Everything." *Id*. at 2.

Plaintiff claims that various defendants are part of organized crime and colluded with his family to drug, poison, kidnap, exploit, use, abuse, and assault him. *Id*.  Plaintiff claims that they have murdered him and tried to murder him. *Id*.  He claims they have taken millions and billions and trillions and zillions worth of his cash and property, framed him, and set him up. *Id*.  Plaintiff also claims they have been trying to erase his memory and confuse him to prevent him from seeking justice. *Id*. at 5.  Plaintiff claims they have violated his right to due process and his right to be free from cruel and unusual punishment. *Id*.  Plaintiff claims that he did not shoot out Brandon M. Young's eye because Young already had a prosthetic eye and eyelid spring before 10/21/17. *Id*. at 6.

For relief, Plaintiff seeks to have restoration of his property and assets, immunity and victim/witness protection, injunctions, immediate release, to have his convictions, sentences, and charges vacated and overturned, and a special investigation. *Id*. at 8.  Plaintiff attaches a note to "Victim Services," alleging that he is innocent and is being victimized by corrupt government and criminals of organized crime. *Id*. at 10.  Plaintiff states that he is making a "Citizens Criminal Complaint." *Id*. at 11.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a

3

complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff's Complaint fails to state a claim for relief and appears to be frivolous. Plaintiff states that he is bringing his claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color

4

of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Id*. at 49 (citations omitted).  Plaintiff has named various federal officials and private individuals as defendants.

Plaintiff's Complaint appears to be frivolous.  "A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'"  *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  The Tenth Circuit in *Manco* held that:

> The district court also did not abuse its discretion when it held Manco's claims related to the alleged tracking device were frivolous. Manco's theory that numerous state officials monitor his thoughts and send him inaudible, profane messages is not supported by any evidence. Manco provides citations to various patents and secondary literature that describe tracking devices. Even if, for the sake of argument, this court assumes that such devices exist, Manco fails to provide evidence that officials implanted a device in his body, nor does he give a plausible motive for state officials to embark on such an endeavor. We agree with the district court that Manco's tracking device claims are frivolous. *See Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (describing frivolous claims as "fanciful," "fantastic," and "delusional," and holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

*Id*.

Even liberally construing the pro se Complaint, it lacks an arguable basis in law or fact. Plaintiff will be granted time to show good cause why his Complaint should not be dismissed as frivolous.

To the extent Plaintiff challenges the validity of his conviction and sentence in his criminal case or seeks immediate release, his federal claim must be presented in habeas corpus.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the

conditions of his prison life, *but not to the fact or length of his custody.*"  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 4) is **denied.**  Plaintiff must pay the full $405.00 filing fee by **August 10, 2026.**  Failure to pay the full filing fee by that date will result in the dismissal of this case without prejudice and without prior notice.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 10, 2026,** to show good cause, in a single written response to this order, why this case should not be dismissed as frivolous. The failure to respond by the deadline will result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED**.

**Dated July 9, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**