FILED
U.S. District Court
District of Kansas
08/27/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RAFAEL PEREZ,**

**Plaintiff,**

**v.** **CASE NO. 26-3205-JWL**

**STEVEN TORRES, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. On July 9, 2026, the Court entered a Memorandum and Order (Doc. 5) ("M&O") denying Plaintiff's motion for leave to proceed in forma pauperis because his prison account statement shows that he is not indigent and has sufficient funds to pay the filing fee. (Doc. 5, at 1) (citing Doc. 4–1). The Court ordered Plaintiff to pay the $405.00 filing fee by August 10, 2026. The M&O also granted Plaintiff until August 10, 2026, to show good cause why this case should not be dismissed as frivolous. *Id.* at 6.

Plaintiff has not paid the filing fee or shown good cause by the August 10, 2026 deadline in the M&O. On July 16, 2026, Plaintiff filed a Notice of Appeal (Doc. 9) stating that he is appealing "all rulings, verdicts and judgements in this case, including all pretrial motions, trial motions and judgements entered, and specifically those entered on 07/09/2026 denying motion for leave to proceed in forma pauperis . . . ."[1] (Doc. 9, at 1.)

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 16), Motion for Leave to Appeal in Forma Pauperis (Doc. 17), and Emergency Motion for

[1] The Court has not entered a final judgment in this case and Plaintiff's notice of appeal was docketed as a notice of interlocutory appeal. Plaintiff filed a second notice of appeal on July 22, 2026 (Doc. 13), indicating that he was also appealing this Court's July 14, 2026 Order (Doc. 7) denying his motion for summary judgment and noting that his Complaint was subject to dismissal.

US Citizens Criminal Complaint (Doc. 18).

**I. Motion for Leave to Appeal in Forma Pauperis (Doc. 17)**

Plaintiff filed a motion for leave to appeal in forma pauperis and attached his Kansas Department of Corrections Individual Account Statement. (Docs. 17, 17–1.) In denying Plaintiff leave to proceed in forma pauperis in this Court, the Court found that Plaintiff's prison account statement shows that he is not indigent and has sufficient funds to pay the filing fee. (Doc. 5, at 1.) Likewise, the account statement attached to his current motion also shows that he is not indigent. *See* Doc. 17–1, at 1. Plaintiff's motion is denied. Plaintiff may file a motion for leave to appeal in forma pauperis with the Tenth Circuit Court of Appeals pursuant to the procedure set forth in Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

**II. Motion for Appointment of Counsel (Doc. 16)**

Plaintiff has filed a motion for appointment of counsel, setting forth his unsuccessful attempts to obtain counsel. (Doc. 16, at 2–3.) The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). "Rather, a court has discretion to *request* an attorney to represent a litigant who is proceeding in forma pauperis" in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added) (citing 28 U.S.C. § 1915(e)(1)). In other words, if this motion is granted, it means only that the Court will request that an attorney volunteer to be appointed to represent Plaintiff at no cost to Plaintiff. The Court cannot guarantee that an attorney will volunteer. *See Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take a case.").

The decision whether to appoint counsel—meaning to request counsel to provide representation at no cost to Plaintiff—in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to request volunteer counsel for Plaintiff, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court has found that Plaintiff's Complaint fails to state a claim for relief and appears to be frivolous. The Court denies the motion without prejudice to Plaintiff filing a motion for appointment of counsel with the Tenth Circuit.

**III. "Emergency" US Citizen's Criminal Complaint Motion (Doc. 18)**

Plaintiff's motion purports to file a "Citizen's Criminal Complaint" making the same arguments that Plaintiff set forth in his Complaint. He seeks to "press charges against all Defense and Appellate Attorneys that have been on [his] case and have handled it." (Doc. 18–1, at 5.)

The Court has already found that Plaintiff's Complaint is subject to dismissal for failure to state a claim and as frivolous. Plaintiff does not have a private right of action to enforce criminal laws. As a general matter, federal criminal statutes that "do not provide for a private right of action" are "not enforceable through a civil action." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Further, the Court is not authorized to direct state or federal prosecutorial authorities

to bring a criminal case against any of the Defendants. *See Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); *Lynn v. Cline*, 2019 WL 2578241, at *2 (D. Kan. 2019) ("This Court cannot order the initiation of criminal charges, which is a decision within the discretion of prosecuting attorneys.") (citing *Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that a court order for "investigation and prosecution of various people for various crimes" would "improperly intrude upon the separation of powers")); *State ex rel. Rome v. Fountain*, 678 P.2d 146, 148 (Kan. 1984) ("[A] private individual has no right to prosecute another for crime and no right to control any criminal prosecution when one is instituted. Thus, the philosophy of this state has always been that a criminal prosecution is a state affair and the control of it is in the public prosecutor."). Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to appeal in forma pauperis (Doc. 17) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 16) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for US Citizens Criminal Complaint (Doc. 18) is **denied.**

Copies of this order shall be transmitted to Plaintiff and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

**Dated August 27, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**